# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14-CR-2036-LRR |
| vs. | **ORDER** |
| DONTAY DAKWON SANFORD, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Dontay Dakwon Sanford's Objections (docket no. 31) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 24), which recommends that the court deny Defendant's Motion to Suppress ("Motion") (docket no. 18).

## II. RELEVANT PROCEDURAL HISTORY

On July 23, 2014, the grand jury returned a one-count Indictment (docket no. 2) charging Defendant with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). On October 2, 2014, Defendant filed the Motion. On October 9, 2014, the government filed a Resistance (docket no. 21). On October 14, 2014, Judge Scoles held a hearing on the Motion. *See* October 14, 2014 Minute Entry (docket no. 22). Defendant appeared in court with his attorney, Anne Laverty. Special Assistant United States Attorney Lisa Williams represented the government. On November 5, 2014, Defendant filed his Objections. The Objections and Report and Recommendation are fully submitted and ready for decision.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## IV. RELEVANT FACTUAL BACKGROUND[1]

On July 6, 2014, the Waterloo Police Department received a call from an employee at a local bar that someone was making threats. The area around the bar has "a very high call volume" and has many violent crimes such as large fights, shootings and stabbings. Hearing Transcript at 50. At approximately 1:15 a.m., police dispatch relayed the threats over the radio and described the subject making the threats as a black male with dreadlocks, wearing a white shirt and blue shorts.

Officers Ryan Muhlenbruch and Dustin Yates responded to the call. Officer Muhlenbruch arrived on the scene first and spotted an individual who matched the description provided by dispatch. This individual was later identified as Defendant. Officer Muhlenbruch stopped his patrol car in an alley where Defendant was walking and

---

[1] After reviewing the October 14, 2014 Hearing Transcript (docket no. 27), the court finds that Judge Scoles accurately and thoroughly set forth the relevant facts in the Report and Recommendation. *See* Report and Recommendation at 2-5. Accordingly, the court only briefly summarizes the facts. When relevant, the court relies on and discusses additional facts in conjunction with its analysis of the law.

2

observed Defendant heading towards a parked vehicle. Officer Muhlenbruch exited his patrol car and called "hey, partner" and motioned for Defendant to come towards him. There were multiple other individuals in the alley, one of which was seated in the driver's seat of the same parked vehicle. In response to Officer Muhlenbruch's words and motions, the individual in the driver's seat exited the vehicle with his hands in the air and walked away from the scene. Defendant, however, looked at Officer Muhlenbruch and proceeded to enter the front passenger's side of the vehicle and close the door.

Officer Muhlenbruch approached the vehicle with a flashlight and observed Defendant leaning down in the passenger's seat acting as though he was concealing something under his seat. Officer Muhlenbruch drew his firearm and instructed Defendant to exit the vehicle with his hands up. Officer Muhlenbruch immediately recognized Defendant from previous violent crime incidents. Being the only officer with multiple other individuals on the scene, Officer Muhlenbruch pressed Defendant against the vehicle with his firearm drawn. Shortly thereafter, Officer Yates arrived on the scene, at which point Officer Muhlenbruch placed Defendant in handcuffs, performed a pat-down search and placed Defendant in the back seat of his patrol car. Officer Muhlenbruch testified that Defendant was not under arrest at this point, but was handcuffed in the patrol car for officer safety.

Thereafter, Officer Muhlenbruch performed a search of the passenger's side of the vehicle where Defendant had been seated. He immediately located a loaded Ruger .357 revolver under the front passenger's seat. At that point, Officer Muhlenbruch returned to his patrol car, placed Defendant under arrest and read him *Miranda*[2] warnings. During the time Defendant was in the patrol car unattended, he made numerous cell phone calls that are audible on the patrol car's audio recorder. During these calls, Defendant made several potentially incriminating statements.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## V. ANALYSIS

Defendant objects to certain factual findings in the Report and Recommendation, including that the video recording "'shows a man matching the subject's description walking toward a nearby parked car'" and argues that "[i]t is not likely that [Officer] Muhlenbruch could have seen that Defendant matched the description of the suspect before he turned down the alley." Objections at 1 (quoting Report and Recommendation at 3). Defendant also notes that Judge Scoles failed to take two "very important facts" into account: (1) Defendant did not change his pace from the time Officer Muhlenbruch spotted him to the time he entered the parked vehicle; and (2) "Defendant never looked back at the police car until he had the door of the [parked vehicle] open and was starting to get in." Objections at 2.

Defendant also objects to Judge Scoles's conclusion that Defendant's actions warranted Officer Muhlenbruch's reasonable suspicion that "Defendant was armed, was trying to evade the police, and was 'stashing' or hiding the weapon in the" parked vehicle. *Id*. Defendant further objects to Judge Scoles's conclusion that the "warrantless search of the [parked vehicle] was constitutionally permissible" and contends that Officer Muhlenbruch did not have probable cause to place Defendant in the back of his patrol car or to conduct the limited, protective search of the parked vehicle. *Id*. at 5-7. Finally, Defendant appears to object to Judge Scoles's conclusion that Defendant's potentially incriminating phone calls in the back of the patrol car should not be suppressed. *Id*. at 7.

### A. *Basis for Detaining Defendant*

Defendant argues that he was impermissibly handcuffed and detained in the back of the patrol car. Specifically, Defendant contends that his detainment in handcuffs "exceeded the limits of an investigative stop" and, thus, Officer Muhlenbruch was required to show probable cause to handcuff and detain Defendant in the back of the patrol car while he performed the limited, protective search of the vehicle. Objections at 6.

4

"The Fourth Amendment permits an investigative stop of a vehicle if officers have a reasonable suspicion the vehicle or its occupants are involved in criminal activity." *United States v. Bell*, 480 F.3d 860, 863 (8th Cir. 2007). Reasonable suspicion is based on "the totality of the circumstances, taking into account an officer's deductions and rational inferences resulting from relevant training and experience." *United States v. Horton*, 611 F.3d 936, 940 (8th Cir. 2010). "[T]he standard employed is less demanding than the standard of probable cause that governs arrests and full-scale Fourth Amendment searches, both with respect to the amount of supporting information that is required to establish reasonable suspicion and with respect to the degree of reliability that the information must exhibit." *Bell*, 480 F.3d at 863 (alteration in original) (quoting *United States v. Spotts*, 275 F.3d 714, 718 (8th Cir. 2002)) (internal quotation marks omitted).

In conducting a *Terry*[3] stop, "[o]fficers must use 'the least intrusive means of detention and investigation, in terms of scope and duration, that are reasonably necessary to achieve the purpose of the *Terry* stop.'" *United States v. Newell*, 596 F.3d 876, 879 (8th Cir. 2010) (quoting *United States v. Navarrete-Barron*, 192 F.3d 786, 790 (8th Cir. 1999)). "[W]here an officer exceeds the permissible scope of *Terry*, the investigatory detention is transformed into an arrest." *United States v. Aquino*, 674 F.3d 918, 924 (8th Cir. 2012). Moreover, "a *Terry* stop that becomes an arrest must be supported by probable cause." *Id.*

"[D]uring any investigative stop, 'officers may take steps reasonably necessary to protect their personal safety.'" *Bell*, 480 F.3d at 864 (quoting *United States v. Shranklen*, 315 F.3d 959, 961 (8th Cir. 2003)). "It is well established . . . that when officers are presented with serious danger in the course of carrying out an investigative detention, they may brandish weapons or even constrain the suspect with handcuffs in order to control the scene and protect their safety." *United States v. Fisher*, 364 F.3d 970, 973 (8th Cir.

---

[3] *Terry v. Ohio*, 392 U.S. 1 (1968).

5

2004). Furthermore, the Eighth Circuit has held that, when there is a suspected crime of a dangerous nature and a "good possibility" that the defendant had a weapon, "the defendant's confinement with handcuffs in the back of a police car during [a search is] reasonably necessary to maintain the status quo, protect the officers, and allow them to conduct the search." *Navarrete-Barron*, 192 F.3d at 790.

The court agrees with Judge Scoles that the totality of the circumstances establishes that Officer Muhlenbruch performed a lawful *Terry* stop of Defendant because he had "a reasonable suspicion [that] the vehicle or its occupants [were] involved in criminal activity." *Bell*, 480 F.3d at 863. The court finds that Defendant's detainment in handcuffs did not transform the stop into an arrest and did not require probable cause because Officer Muhlenbruch had reasonable suspicion that Defendant was armed and dangerous and, thus, he permissibly handcuffed and detained Defendant in the back of the patrol car while Officer Muhlenbruch conducted the limited, protective search of the vehicle, which was "reasonably necessary to achieve the purpose of the *Terry* stop." *Newell*, 596 F.3d at 879 (quoting *Navarrete-Barron*, 192 F.3d at 790) (internal quotation marks omitted). The totality of the circumstances, including the reported threat of violence, the high-crime area, Defendant's previous involvement in violent crimes, other individuals' presence in the alley and Defendant's motions as if to conceal a weapon under his seat, all indicated a potential threat to officer safety. This is true regardless of whether, as Defendant contends, Officer Muhlenbruch could not "have seen that Defendant matched the description of the suspect before he turned down the alley," or whether Defendant changed his pace as he entered the parked vehicle and made eye contact with Officer Muhlenbruch as he was doing so. Objections at 1-2. Therefore, Officer Muhlenbruch reasonably believed that Defendant could be armed and dangerous and merely took steps that were reasonably necessary to ensure officer safety.

## B. Basis for Limited, Protective Search

Having determined that Officer Muhlenbruch lawfully handcuffed and detained Defendant in the back of the patrol car, the court turns to Defendant's argument that Judge Scoles erred in finding that the limited, protective search of the parked vehicle was constitutionally permissible. Specifically, Defendant contends that Officer Muhlenbruch did not have probable cause to search the parked vehicle while he was detained in the back of the patrol car. Objections at 7.

"Because 'investigative detentions involving suspects in vehicles are especially fraught with danger to police officers,' the Supreme Court has recognized that once reasonable suspicion is established, a limited search of an automobile's passenger compartment for weapons is permissible." *Bell*, 480 F.3d at 864 (quoting *Michigan v. Long*, 463 U.S. 1032, 1047, 1049 (1983)). "[W]here an officer has temporarily removed a suspect from his vehicle, but is not planning to arrest him[,] the officer is permitted to conduct a limited protective search of the vehicle before releasing a suspect to ensure he will not be able to gain immediate control of a weapon." *United States v. Stewart*, 631 F.3d 453, 459 (8th Cir. 2011) (alterations in original) (quoting *United States v. Stachowiak*, 521 F.3d 852, 855 (8th Cir. 2008)) (internal quotation marks omitted). *But see Arizona v. Gant*, 556 U.S. 332, 351 (2009) (holding that police may not conduct a search incident to arrest of the passenger compartment for weapons where the defendant is already under arrest, is not within reaching distance of the vehicle and will not be released back into vehicle, posing no threat to officer safety).

Here, upon lawfully handcuffing and detaining Defendant in the back of the patrol car, Officer Muhlenbruch permissibly conducted a limited, protective search of the passenger's side of the parked vehicle where he uncovered the Ruger .357 revolver under Defendant's seat. Hearing Transcript at 15. Defendant argues that such a search required probable cause because he would not have been able to gain immediate control of the weapon while he was handcuffed in the back of the patrol car. Objections at 7. However,

7

because Judge Scoles determined that Officer Muhlenbruch credibly testified that Defendant was not under arrest—and the court finds no reason to disturb this credibility determination—a limited, protective search was permissible. Hearing Transcript at 14-15. That is, because Defendant's detainment in handcuffs was based on reasonable suspicion that he was potentially armed and dangerous and a threat to officer safety and that Defendant was not under arrest at the time of the vehicle search, the court finds that Officer Muhlenbruch lawfully conducted the limited, protective search of the passenger's side of the parked vehicle.

### C. Defendant's Statements

Defendant next argues that "evidence obtained while Defendant was impermissibly detained in the [patrol] car should be suppressed[] because the officers exceeded the permissible scope of an investigatory stop." Objections at 7. This contention refers to Defendant's potentially incriminating statements made during phone calls while he was unattended in the back of the patrol car. The court agrees with Judge Scoles that Defendant's statements in the patrol car are not "fruits of the poisonous tree" because his detainment in the patrol car did not exceed the scope of an investigative stop, and Defendant's statements do not amount to a *Miranda* violation because they were not the product of custodial interrogation. Report and Recommendation 10-11. Having already determined that Officer Muhlenbruch lawfully handcuffed and detained Defendant in the back of the patrol car as well as permissibly conducted the limited, protective search of the vehicle, the court finds that there is no basis for suppressing Defendant's statements made during these unattended, voluntary phone calls.

### VI. CONCLUSION

In light of the foregoing, the court **HEREBY ORDERS:**

    (1)    The Objections (docket no. 31) are **OVERRULED**;

    (2)    The Report and Recommendation (docket no. 24) is **ADOPTED**; and

    (3)    The Motion (docket no. 18) is **DENIED.**

**IT IS SO ORDERED.**

**DATED** this 24th day of November, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA